NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., | : | CIVIL ACTION NO. 14-6017 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| FUNAMBOL, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**THE DEFENDANT** moves pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)") to transfer this action to the United States District Court for the Northern District of California ("Northern District of California"). This Court will address the motion to transfer venue upon review of all of the papers filed in relation thereto, and without oral argument. (See dkt. 30 (defendant's motion and supporting papers); dkt. 33 (plaintiff's opposition and supporting papers); dkt. 36 (defendant's reply and supporting papers).) See L.Civ.R. 78.1(b). For the following reasons, this Court will (1) grant the motion, and (2) transfer this action to the Northern District of California.

**THIS COURT** writes primarily for the benefit of the parties, and presumes their familiarity with (1) the factual context and procedural history of this action, and (2) the well-settled factors concerning the propriety of a transfer of venue pursuant to Section 1404(a). See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995); see also In re Amendt, 169 Fed.Appx. 93, 96 (3d Cir. 2006) (summarizing Jumara factors).

**THE PLAINTIFF**: (1) is in the business of enabling clients "to back-up, restore, share, and synchronize data in multiple devices in multiple locations of wide area network systems", and "to connect, synchronize, and activate connected devices and services"; (2) owns (a) United States Patent No. ("No.") 6,671,757, entitled "Data Transfer and Synchronization System", (b) No. 6,757,696, entitled "Management Server for Synchronization System", and (c) No. 7,587,446, entitled "Acquisition And Synchronization Of Digital Media To A Personal Information Space" (collectively, "Patents In Issue"); and (3) asserts that the defendant is infringing the Patents In Issue "by making, using, offering for sale, or selling [its] . . . products". (Dkt. 1 at 3; dkt. 33 at 7–8.) See 28 U.S.C. § 1338(a); 35 U.S.C. § 271. The plaintiff is a Delaware corporation with its principal place of business in New Jersey. (Dkt. 1 at 2.) According to the plaintiff, the allegedly-liable defendant is a Delaware corporation with its principal place of business in Foster City, San Mateo County, California. (Id.)

**THE PLAINTIFF'S** New Jersey principal place of business does not outweigh the factors that make a California venue more appropriate. See Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) (stating plaintiff's venue choice "is simply a preference; it is not a right"); Nat'l Prop. Inv'rs VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995) (stating plaintiff's venue choice is not "decisive").

**THE DEFENDANT'S** principal place of business is in Foster City, California. The center of gravity of the alleged infringing activity and the alleged conduct underlying

this action is in the area served by the Northern District of California, i.e., Foster City. (See dkt. 30-1 at 6 (stating defendant "is headquartered in the Northern District of California, where its President and founder, CEO, and virtually all of its personnel likely to be called as witnesses in this case reside or work", and where "the vast majority of Funambol's physical and documentary evidence related to this action are located . . . or are . . . practically accessible"); dkt. 30-3 at 2–4 (stating in sworn declaration that Northern District of California is where: (1) "Funambol has been headquartered . . . since 2004"; (2) "the bulk of Funambol's senior management team is located and where virtually all of Funambol's most significant marketing, product management, sales, and financing decisions are made"; (3) "[v]irtually all of Funambol's U.S. personnel work or reside . . . and those who don't[,] live or work elsewhere in [California]"; and (4) "virtually all of the party witnesses Funambol anticipates calling in this action . . . are located", and listing several main witnesses by name); id. at 5 (concerning New Jersey, defendant "has no offices or facilities", "[n]o infrastructure, software, or source code", "no business records relating to the Funambol accused products", and "[no] personnel").)[1] Also, the defendant is deemed to "reside" in the Northern District of California. See 28

---

[1] The plaintiff argues that the "real" or "true" center of gravity for this action is in Italy, where the defendant's alleged parent company is located. (See dkt. 33 at 6; see also id. at 8, 12–13, & 24.) That argument is self-defeating, because: (1) the argument suggests that the plaintiff should have pursed this action in Italy, and not in New Jersey; and (2) the plaintiff identified the responsible defendant in the complaint as being a California corporation with a place of business in Foster City, California, and not an Italian entity. (See dkt. 1 at 2.)

U.S.C. § 1400 (stating civil action for patent infringement may be brought in judicial district where defendant "resides").  A California venue would be far more convenient for the defendant and its potential witnesses.

      **THE NORTHERN DISTRICT OF CALIFORNIA** would also appear to be a more-convenient venue for the plaintiff's witnesses.  Of the six inventors listed on the Patents In Issue ("Patent Inventors"), four are domiciled in the area served by the Northern District of California, and a fifth Patent Inventor is domiciled in another part of California.  (See dkt. 30-1 at 6 & 12–14; dkt. 33 at 9–10 & 25; dkt. 33-4 at 3.)  It appears that none of the Patent Inventors live in New Jersey.  (See dkt. 30-1 at 6.)  The testimony of the Patent Inventors may certainly be necessary in this action, and judicial efficiency would be best served if the proceedings were conducted in the venue where most of them live, i.e., California.

      **ONLY TWO** Patent Inventors appear to be currently employed by the plaintiff.  (See dkt. 33 at 9 & 25; dkt. 33-3 at 4.)  The plaintiff argues that the Patent Inventors agreed to cooperate in any disputes arising from the Patents In Issue when assigning their rights 15 years ago to another entity ("First Entity"); the First Entity was bought by the plaintiff six years ago.  (See dkt. 30-1 at 10 & 26; dkt. 33-5 at 5–6; dkt. 36 at 18.)  But the plaintiff has failed to submit sworn statements from any of the Patent Inventors who are not currently employed by the plaintiff stating that they would willingly appear for proceedings in New Jersey.  In addition, the First Entity, which was located in the

Northern District of California, had its counsel send correspondence to the defendant's address in California in 2010 to accuse the defendant of infringement of the Patents In Issue, thereby furthering the connection of the events underlying this case to California. (See dkt. 30-1 at 10–12; dkt. 30-16 at 2.)

**IN ADDITION** to the Patent Inventors who are no longer employed by the plaintiff, the attorneys who prosecuted the Patents In Issue before the United States Patent and Trademark Office ("USPTO") are based in California. (See dkt. 30-1 at 6, 15, & 25–26; dkt. 33 at 10.) Thus, it would again appear to be more convenient and efficient for the potential nonparty witnesses if the proceedings were to be conducted in a California venue.

**THE PLAINTIFF** is also financially capable of — and thus will not be prejudiced by — litigating in the Northern District of California. (See dkt. 33 at 7 (plaintiff asserting that it: (1) owns "over one hundred issued patents and patent applications filed worldwide"; (2) "has a comprehensive technology platform"; (3) has "technology [that] is widely used by some of the world's largest service providers, including AT&T Inc., Verizon Wireless, Vodafone, and their three billion-plus mobile subscribers located around the world"; and (4) "serves major cable operators and equipment manufacturers, including Comcast, Time Warner Cable, Apple, Microsoft, Samsung, and Cablevision").) Furthermore, the plaintiff has an office in the area served by the Northern District of California, i.e., San Jose, California — from where at least one Patent Inventor works —

and thus personal jurisdiction may be obtained over the plaintiff there.  (See dkt. 30-1 at 6, 10, & 27; dkt. 33 at 9.)  See http://www.synchronoss.com/company/offices.

**THIS COURT** also transferred two related actions to the Northen District of California in 2015, and thus it would be best if this action were to proceed there.  See Synchronoss Techs. v. Egnyte, Inc., No. 15-534, 2015 U.S. Dist. LEXIS 173133 (D.N.J. Dec. 30, 2015); Synchronoss Techs. v. Dropbox, Inc., No. 15-2192, 2015 U.S. Dist. LEXIS 173142 (D.N.J. Dec. 30, 2015).  This Court notes that there is yet another action brought by the plaintiff pending before this Court, but that action concerns (1) only two of the three Patents In Issue, and (2) No. 7,643,824, entitled "Wireless Telephone Data Backup System", which is not in issue in this action.  See Synchronoss Technologies, Inc. v. Hyperlync Technologies, Inc., No. 15-2845, dkt. 1.

**A REVIEW** of the docket of the Northern District of California and the docket of the District of New Jersey also reveals that this action will not be resolved more efficiently by remaining in the District of New Jersey.  See IT Network Solutions v. Kaseya U.S. Sales, No. 14-3455, 2015 WL 733710, at *6 (D.N.J. Feb. 20, 2015) (stating "both the Northern District of California and the District of New Jersey are busy districts and evidence relating to their relative rates of congestion are mixed", and "thus, this factor is . . . neutral"); see also http://www.uscourts.gov/statistics-reports.

**THE PLAINTIFF** states that it "filed suit in the District of New Jersey for legitimate reasons".  (Dkt. 33 at 11.)  The Court does not question the legitimacy of the

plaintiff's reasoning in instituting this action here.  Nonetheless, the Court concludes that a transfer of venue pursuant to Section 1404(a) to the Northern District of California is appropriate.

**FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order (1) granting the motion, and (2) transferring this action to the Northern District of California.[2]

                                s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

**Dated:**  April 18, 2016

---

[2] The plaintiff also argues that (1) there is another related action ("Separate Action") assigned to another Judge in this District, and (2) the Separate Action is merely administratively stayed due to related proceedings before the USPTO.  (See dkt. 33 at 10–11 (referring to Synchronoss Technologies, Inc. v. Asurion Mobile Applications, Inc., No. 11-5811).)  The argument is without merit because (1) the Separate Action concerns only two of the three Patents In Issue, and (2) the plaintiff waived the argument by failing to list the Separate Action on the civil cover sheet or in the complaint for this action.  (See dkt. 1 at 6 (certifying pursuant to Local Civil Rule 11.2 "that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding"); dkt. 1-4 at 1 (not listing No. 11-5811 in Section VIII of civil cover sheet, entitled "Related Case(s) If Any").)